Gloria Amparo **ROSALES GONZALEZ**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–72858.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 19, 2004.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marc A. Karlin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Rena I. Curtis, Esq., U.S. Department of Justice, Washington, DC, for Respondent. Agency No. A70–787–153.

---

** This disposition is not appropriate for publication and may not be cited to or by the

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM**

Gloria Amparo Rosales Gonzalez, a native citizen of Guatemala, petitions for review of the Board of Immigration Appeals's ("BIA") decision to deny her application for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3)(A). We have jurisdiction over this timely filed petition pursuant to 8 U.S.C. § 1252(a). We deny the petition for review.

Rosales Gonzalez contends that she was persecuted in May of 1991 when she was assaulted by two Guatemalan rebels near her hometown of Chiquimilla. She further contends that she fears future persecution if she is returned to Guatemala. "We review the BIA's decision that an alien has not established eligibility for asylum to determine whether it is supported by substantial evidence." *Wang v. Ashcroft*, 341 F.3d 1015, 1019–20 (9th Cir.2003). Where the BIA has adopted the IJ's reasoning without opinion, we review the IJ's decision under the same standard. *Id.* at 1020.

█ Rosales Gonzalez's testimony, while credible, does not establish that she was eligible for asylum because there is no evidence that she suffered past persecution. *See* I.N.A. § 101(a)(42)(A), 8 U.S.C § 1101(a)(42)(A). She testified that the men stole documents from her, including her identification papers and told her to "leave the country." She does not allege that she was physically harmed. She

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

maintains that she was further persecuted between 1991 and 1992, during which period she received three unsigned threatening letters telling her to leave the country or "they" would "come after her." She testified that she did not know who the men who robbed her were. Nor did she know why they robbed her or why they wanted her to leave the country. This testimony does not establish the necessary nexus between the assault to which she was subjected and persecution "on account of" her political opinion. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001). Rosales Gonzalez has not presented any evidence that supports, much less compels, a conclusion that her assailants attributed a political opinion to her. *Molina–Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir.2001). She therefore failed to demonstrate that she suffered past persecution on account of one of the statutorily-protected grounds.

█ Additionally, Rosales Gonzalez did not establish that she has a well-founded fear of future persecution. She testified that she fears that she will be subjected to future persecution if she is returned to Guatemala based on the situation in her country, including kidnaping and assaults generally, as well as an assault on her mother in 1994 where other assailants took her mother's identification papers and asked the whereabouts of Rosales Gonzalez. The IJ's conclusion that Rosales Gonzalez generalized fear of criminal activity in Guatemala does not establish a "well-founded fear" for asylum purposes is supported by substantial evidence. *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001).

Because Rosales Gonzalez did not meet the lesser burden of establishing her eligibility for asylum, she necessarily failed to meet the more stringent "clear probability" burden required for withholding of deportation. *Ernesto Navas v. INS*, 217 F.3d 646, 655 (9th Cir.2000).

**PETITION DENIED.**